JAMES MICHAEL GEE,                )
                                  )
        Plaintiff/Appellee,       )
                                  )        Montgomery Chancery
                                  )        No.  94-75-126
VS.                               )
                                  )        Appeal No.
                                  )        01-A-01-9509-CH-00427
AMY ELIZABETH (MISCHELL) GEE,     )
                                  )
        Defendant/Appellant.      )

FILED

May 8, 1996

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT OF MONTGOMERY COUNTY

AT CLARKSVILLE, TENNESSEE


HONORABLE ALEX W. DARNELL, CHANCELLOR



Laurence M. McMillan, Jr.
CUNNINGHAM, MITCHELL, HICKS & McMILLAN
310 Franklin Street
Clarksville, Tennessee 37040
ATTORNEY FOR PLAINTIFF/APPELLEE



FRANK J. RUNYON
P.O. Box 1023
Clarksville, Tennessee 37041
ATTORNEY FOR DEFENDANT/APPELLANT



APPEAL DISMISSED WITHOUT PREJUDICE.
CAUSE REMANDED.



                        HENRY F. TODD
                        PRESIDING JUDGE, MIDDLE SECTION



CONCUR:
SAMUEL L. LEWIS, JUDGE
WILLIAM C. KOCH, JR., JUDGE

JAMES MICHAEL GEE,            )
                                        )
       Plaintiff/Appellee,      )
                                        )       Montgomery Chancery
                                        )       No.  94-75-126
VS.                        )
                                        )       Appeal No.
                                        )       01-A-01-9509-CH-00427
AMY ELIZABETH (MISCHELL) GEE,   )
                                        )
       Defendant/Appellant.    )

## O P I N I O N

The captioned defendant has appealed from a partial judgment which resolved some, but not all, of the issues in this divorce case.  The judgment is not a final judgment appealable as of right, and is subject to revision by the Trial Court at any time before all issues are determined.  T.R.A.P. Rule 3(a).

For the assistance of the Trial Court and counsel on remand, the proceedings and present status of the case as revealed by the abbreviated record, will be discussed.

On April 12, 1994, the husband sued for divorce on grounds of irreconcilable differences and cruel and inhuman treatment, requesting distribution of marital property and debts, custody of two children and child support.

On April 26, 1994, the wife answered admitting irreconcilable differences, denying cruel and inhuman treatment, and requesting dismissal of the husband's complaint.  By cross-complaint, the wife sought divorce, child custody and support, and division of marital estate.

On January 11, 1995, the wife filed the following motion:

> Comes now Amy Elizabeth (Michelle) Gee, defendant/cross-plaintiff, and moves the Court, prior to making a determination as to custody which determination is currently set to be announced on January 17, 1995, to allow her to present proof of material changes in circumstances affecting the custody of the children since the hearing in this cause on November 15,

1994. These changes are to the detriment of the children, has adversely affected them, has emotionally adversely affected them, and those changes are definitely not in the best interest of the children.

James Michael Gee continues to ignore what is in the best interest of the children regarding bed-time, living conditions, etc.

The motion was resisted by the husband.

On March 30, 1995, at 12:30 P.M., the Trial Court entered a "Final Decree of Divorce," stating:

This cause came to be heard on November 15, 1994, and November 22, 1994 before the Honorable Alex Darnell, Chancellor of the Chancery Court for Montgomery County, Tennessee upon plaintiff's complaint for absolute divorce, defendant's answer and counter-complaint, the testimony of the parties, statements of counsel and the entire record in this cause, from all of which it appears to the Court that each party has alleged and proved inappropriate marital conduct and as a result, the parties should be declared divorced. It is therefore,
Ordered, adjudged and decreed that the bonds of matrimony existing between the parties and the same hereby are forever dissolved, and the parties are hereby declared divorced pursuant to T.C.A. 36-4-129(b), and both the plaintiff and the defendant are hereby restored to all of the rights and privileges of unmarried persons.
All matters as to child custody, support and the division of marital property are reserved until further order of the Court.

On the same date, March 30, 1995, at 12:40 P.M., the Trial Court entered an order stating that the cause was heard on November 15 and 22, 1994, January 17 and 27, 1995, and February 17, 1995. Said order awarded joint custody to the parties and physical custody on alternating weeks. The husband was ordered to pay the wife $450 per month rehabilitative alimony pursuant to T.C.A. § 36-5-101(d)(1). The husband was ordered to provide health care for the children and to pay cost of day care to be selected by the parties. The residence of the parties was awarded to the husband subject to a mortgage and further:

. . . To balance the equation, the court is of the opinion that James Michael Gee shall pay to Amy Gee the sum of $2,500.00 in a lump sum or the sum of $2,650.00 in equal monthly installments over a period of ten (10) months, whichever he

should choose.  The first payment shall be due no later than
thirty (30) days from the entry of this order.

The husband was ordered to pay the wife $3,253.95 as her share of the cash value of an

insurance policy on his life, and $600 fee for her counsel.  Further, the order provided:

> It is further ordered, adjudged and decreed that there will be
> no child support payable in connection with this case due to the
> equal sharing of the children and joint custody herewith
> awarded.
>
> It is further ordered, adjudged and decreed that the defendant,
> Amy Gee, shall have 15% of plaintiff's military pension
> payable monthly upon retirement of the plaintiff.

On the same date, March 30, 1995, at 12:50 P.M., the Trial Court entered the

following order:

> This cause came to be heard on January 17, 1995, upon
> motion of the defendant/counter-plaintiff to allow her to
> present proof of material changes in circumstances affecting
> the custody of the children since the hearing in this cause on
> November 15, 1994, as well as the defendant/counter-
> plaintiff's motion for a clarification as to the award of the
> residence of the parties.  Upon the statements of counsel and
> the record as a whole, the Court is of the opinion that the
> motions are not well taken and should be denied.  It is
> therefore,
> Ordered that the plaintiff's motion to reopen the proof as well
> as the plaintiff's motion for a clarification are hereby denied.

It is seen that three orders were entered on March 30, 1995.  The 12:30 order resulted

from hearings on November 15 and 22.  The 12:40 order resulted from hearings on

November 22, January 17 and 27 and February 17.  The 12:50 order resulted from a hearing

on January 17.

On April 26, 1995, the wife filed separate motions to alter or amend all three March

30, 1995, orders.

On May 1, 1995, the husband moved the Trial Court to hold the wife in contempt for

filing an affidavit after the Court had refused to hear further evidence.

On July 20, 1995, the Trial Court entered an order overruling the husband's motion to alter or amend the "Final Decree of Divorce entered on March 30, 1995 at 12:30 P.M."

On July 26, 1995, the Trial Court entered an order stating:

> This cause came to be hard on Friday June 9, 1995 upon defendant's Motions to Alter or Amend the Final Decree of Divorce and the Final Order with regard to child custody and property division, as well as plaintiff's Motions for a Restraining Order and for Contempt. Upon the arguments of counsel and the record as a whole the Court was of the opinion that <u>there may be certain matters with regard to debts and vacation property that have not been resolved</u>, and that those matters should be resolved; and that the affidavit of Vicki Hunter should be sealed; and that plaintiff should be allowed an opportunity to supplement his motion for restraining order with the affidavits of persons in his chain of command. It is therefore,
> Ordered that the parties shall communicate with regard to the <u>disposition of certain debts and the vacation property identified by the defendant as not having been allocated in connection with the termination of these proceedings</u>.
>
> . . . .
>
> It is further ordered that the plaintiff shall be allowed to file statements by individuals within his chain of command with regard to the times, places and substance of conversations had by those persons with individuals which the plaintiff requests to be enjoined from further communication with his chain of command. (Emphasis supplied.)

On July 27, 1995, the wife filed notice of appeal from the order entered on July 20, 1995.

It is obvious from the above excerpts from the order of July 26, 1995, that all of the issues between the parties were not resolved by said order and that certain issues do in fact remain for resolution, to wit,

> disposition of certain debts and the vacation property identified by the defendant as not having been allocated with the termination of these proceedings.

Also, it appears that an issue remains as to the restraint of communication with superiors of the husband.

-5-

Under these circumstances, the orders of the Trial Court are not appealable, but are subject to revision at any time before entry of a final judgment adjudicating all the claims, rights and liabilities of the parties.  T.R.C.P. Rule 54.02, T.R.A.P. Rule 3(a).

The piecemeal trial and adjudication of various issues in this cause are not reversible error.  However, it is much to be desired and is recommended that, upon remand, all former and future adjudications of all issues will be embodied in one orderly, comprehensive final judgment.

This appeal is dismissed without prejudice to a timely appeal from any rulings of the Trial Court after the entry of final judgment adjudicating all the claims, rights and liabilities of the parties.  Costs of this appeal are taxed against the appellant/wife.  The cause is remanded to the Trial Court for further proceedings.  In event of further appeal, the record of this appeal may be made a part of the record of the future appeal upon motion.

Appeal Dismissed Without Prejudice.
Cause Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE